UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PETER TESTA,
on behalf of himself and all others similarly situated,

    Plaintiffs,

 v.             **DECISION AND ORDER**
                  13-CV-378S

CHAUTAUQUA COUNTY, et al.,

    Defendants.

   1.  Soon after he commenced this action, Peter Testa moved this Court for a temporary restraining order. He contended that Chautauqua County violated his and others' constitutional rights of privacy by publishing on its publically-accessible website allegedly private information, including arrest records, dates of birth, social security numbers, and home addresses. (See Compl., ¶ 4.) Thus, he sought to enjoin Chautauqua County from making this information public.

   At a status conference in open court, set to address to this motion, the parties essentially agreed that the best course of action would be for this Court to enter an Order temporarily restricting access to that information while Testa applied to the courts in Chautauqua County for permanent relief. On this representation, this Court subsequently entered such an order on April 24, 2013. (See Text Order; Docket No. 10.) And a Chautauqua County court eventually entered a permanent sealing order. (See Minute Entry; Docket No. 14.) On October 31, 2013, the parties filed a stipulation of dismissal, and the Clerk of Court thereafter closed the case.

   Testa now seeks attorney fees. Defendants oppose the motion. For the following

reasons, Testa's motion is denied.

2.      Section 1988 of Title 42 of the United States Code, in relevant part, provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the cost." Testa, who contends this claim was brought under Section 1983, contends also that he is a prevailing party, and he therefore applies to this Court for $12,633.94 in attorney fees and costs.

3.      As Section 1988 makes clear, any award of attorney fees rests with the court's sound discretion. But to qualify for an award, the plaintiff must first be considered a "prevailing party." See id. "To so qualify, a 'civil rights plaintiff must obtain at least some relief on the merits of his claim.'" Raishevich v. Foster, 247 F.3d 337, 345 (2d Cir. 2001) (quoting Farrar v. Hobby, 506 U.S. 103, 111, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)).

4.      Defendants contend that this lawsuit was unnecessary and that they were willing to work with Testa to resolve his concerns. Testa responds that, before commencing this litigation, he twice wrote to Defendants, but he never received a reply.  He further argues that "it is impossible to say that absent this proceeding and the preliminary TRO relief secured through this Court, whether the County Court 1. Would [sic] have entertained a motion to seal (under an old 2007 index number on a closed case) . . . ; and/or 2. Would [sic] have granted Plaintiff's request for relief over Defendants' objections to same."  (Pl.'s Atty. Aff., ¶ 7; Docket No. 33.)

5.      This Court, of course, is in no position to disagree with Testa's assessment, but it does not lead, as Testa argues, to the conclusion that attorney fees are appropriate in this case.  The speculative assertion that this Court's temporary order may have

2

influenced another court to act is not sufficient grounds to render Testa a prevailing party.

See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532

U.S. 598, 605, 121 S. Ct. 1835, 1840, 149 L. Ed. 2d 855 (2001) (rejecting "catalyst theory,"

in which a plaintiff is deemed a prevailing party if the lawsuit indirectly achieves the desired

result).

      6.     Moreover, this Court never passed on the merits of Testa's claim, which was

purportedly brought to vindicate his Fourth Amendment rights. In fact, Testa never even

presented any argument suggesting that the Fourth Amendment was implicated by the

facts of his claim. (The only limited authority ever raised before this Court was – and

continues to be – New York procedural law.) What is more, whatever the merits of the

claim, it is the Fourteenth, not the Fourth Amendment that "protects individuals from state

intrusion into fundamental aspects of their personal privacy." Stidham v. Peace Officer

Standards And Training, 265 F.3d 1144, 1155 (10th Cir. 2001) (citing Paul v. Davis, 424

U.S. 693, 713, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976)); see also Whalen v. Roe, 429 U.S.

589, 598, 97 S. Ct. 869, 876, 51 L. Ed. 2d 64 (1977) (right to privacy is grounded in the

Fourteenth Amendment's concept of personal liberty and encompasses the "individual

interest in avoiding disclosure of personal matters").[1] The Fourth Amendment, by contrast,

---

[1] The specific contours of this right are not clearly defined, but it is at least clear that "not all disclosures of private information will trigger constitutional protection" and that "the constitutional right to privacy is not equated with the statutory rights accorded by New York and other states." Nassau Cnty. Employee "L" v. Cnty. of Nassau, 345 F. Supp. 2d 293, 301 (E.D.N.Y. 2004) (quoting Bloch v. Ribar, 156 F.3d 673, 684 (6th Cir. 1998)); see also Sec. Indus. & Fin. Markets Ass'n v. Garfield, 469 F. Supp. 2d 25, 35 (D. Conn. 2007) (citing Barry v. New York, 712 F.2d 1554, 1558 (2d Cir. 1983)) ("The exact nature and scope of the right to privacy . . . has never been fully defined.").

contemplates "intrusions into individual privacy during the course of criminal investigations." Whalen, 429 U.S. at 604 n. 32.

7.     This Court entered only temporary, consented-to relief in an effort to expedite the process whereby Testa achieved true results – in the courts of Chautauqua County. In fact, it purposefully avoided entering any decision on the merits. Indeed, the Order contains no findings of fact or analysis of Testa's claims, and it intentionally does not indicate that Testa would have had any likelihood of success. (See Docket No. 10.) This proves fatal to Testa's claim for attorney fees. As the Second Circuit has found, "when a party receives a stay or preliminary injunction but never obtains a final judgment, attorneys' fees are proper *if the court's action in granting the preliminary injunction is governed by its assessment of the merits*." Vacchio v. Ashcroft, 404 F.3d 663, 673 (2d Cir. 2005) (emphasis added).

8.     Although this Court's Order did alter the *status quo* by directing certain files to be sealed, it did so only temporarily and for exclusively practical reasons – it did not undertake an assessment of the merits. Since such an assessment is lacking and because this Court never entered a final judgment in Testa's (or Defendants') favor, this Court denies Testa's application for attorney fees.

****

IT HEREBY IS ORDERED, that Plaintiff's motion for attorney fees  (Docket No. 23)

is DENIED.

SO ORDERED.

Dated:   May 9, 2014
              Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

5